ROBERT A. WELCH, respondent,

*v.*

INTERNATIONAL HIGH SPEED STEEL COMPANY, appellant.

[Argued March term, 1920.  Decided June term, 1920.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens.

The question at issue was one of fact—*i. e.*, whether the parties intended by an oral agreement, pending the execution of a written agreement, to pay to complainant a weekly salary and expenses, plus a royalty of thirty-three and one-third per centum, on the sales of a patented article.  The special master and the vice-chancellor having found such to be the fact, our review of the testimony confirms their conclusion.

*Messrs. King & Vogt,* for the respondent.

*Mr. Arthur Lowell,* for the appellant.

The opinion of the court was delivered by

MINTURN, J.

Pending determination by defendant as to whether it would enter into a final written contract with complainant for the making and selling under a license of complainant's patented "Champion H. Bit," intended for use in drilling operations, the complainant alleges that the defendant entered into an oral contract whereby the defendant agreed that it would manufacture the bits and appliances under complainant's device, and would engage him as a salesman, at the weekly compensation of $25 and expenses, and would pay him a royalty of thirty-three and one-third per centum upon the net profits to be derived from

such manufacture and sale; such royalty to be at the minimum figure of $1,200 per year; that the complainant performed the services for a period, and received a quarterly payment from defendant, based upon the minimum royalty; that the parties failed to agree upon the terms of the final contract, and that complainant thereafter notified defendant to desist from further manufacture of the patented article. Failing to reach an adjustment of the amount due to him, under the terms of the oral agreement, the complainant filed this bill for an accounting, and also for an injunction to prevent it from further manufacturing and selling the appliance.

The learned vice-chancellor by agreement of the parties dealt only with the accounting feature of the bill, and referred that matter to a special master to state the account. The special master reported that there was due to complainant upon the royalty basis the sum of $666.66, and the report after argument was confirmed by the vice-chancellor, and from that decree this appeal has been taken.

The question is entirely one of fact. We think the privilege accorded to the defendant of manufacturing and vending the patented article during the interim preceding the proposed execution of the written contract, of which privilege it fully availed itself, was a sufficient consideration for the promise of payment made to the complainant as a basis for the oral agreement. The amount awarded to the complainant was based upon the terms of the oral agreement, and that agreement having been vindicated by the finding of the special master, as well as by the approval of the vice-chancellor, our review of the facts has led us to conclude that the conclusion thus reached was correct.

The decree appealed from will be affirmed.

*For affirmance*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, Ackerson—14.

*For reversal*—None.